Filed 11/10/15  P. v. Contreras CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066849 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SF110709) |
| HECTOR CONTRERAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Roland Haddad and Brian Kennedy for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

In 1997 Hector Contreras was convicted of possession of a firearm by a felon. (Pen. Code, former § 12021, subd. (a)(1),[1] see now § 29800, subd. (a)(1).)[2] In that proceeding, the court also found true the allegations Contreras had been convicted of two prior offenses that were serious or violent felony strikes within the meaning of sections 667, subdivisions (b) through (i), and 1170.12, and the allegations Contreras had been convicted of two offenses for which he served terms in state prison within the meaning of section 667.5, subdivision (b). The court sentenced Contreras to an indeterminate term of 27 years to life.

In 2014, Contreras moved to recall his sentence pursuant to the Three Strikes Reform Act of 2012 (§ 1170.126 et seq., hereafter TSRA). The court denied his petition, and this appeal followed.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. The Current Offense and Sentence

In 1997 Contreras was found guilty by a jury of violating former section 12021, subdivision (a), and, in a bifurcated proceeding, the court found true the allegations Contreras had been convicted of two offenses for which he served terms in state prison within the meaning of section 667.5, subdivision (b), and two offenses constituting

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    For ease of reference, we hereafter refer to a conviction for felon in possession of a firearm as a conviction under former section 12021, subdivision (a).

serious or violent felony strikes within the meaning of sections 667, subdivisions (b) through (i), and 1170.12.  The court sentenced Contreras to an indeterminate term of 25 years to life on the section 12021, subdivision (a), offense, plus one-year terms for each of his prior prison term allegations found true, for a total term of 27 years to life.

B. The Recall Petition

In 2014 Contreras filed a petition seeking to recall his sentence under the TSRA. The petition argued his current offense (the 1997 conviction) did not bar him from relief because he was convicted of *possessing* a firearm and the TSRA disqualifies an inmate from a recall only if he was "armed with" or "used" a firearm in committing the current offense.  His petition argued that, because the weapon found in his car was in an inaccessible location, he was not "armed with" a firearm at the time of his current offense.  He argued he was not disqualified from resentencing under the TSRA and the court should recall his sentence, find he was not currently dangerous, and resentence him under the TSRA.  The People opposed the petition to recall Contreras's sentence, arguing he had not prima facie shown he was qualified under the TSRA to be considered for resentencing because he was armed with a firearm in connection with his current offense and therefore it was a disqualifying offense.

The court concluded Contreras had ready access to the weapon at the time of the current offense, and therefore the current offense was a disqualifying offense under the TSRA.  The court denied the petition.  Contreras timely appealed.

C. The Appellate Arguments

Contreras asserts the court erred when it denied his petition without holding a hearing on his current dangerousness because there was no evidentiary basis for concluding he was disqualified from consideration for resentencing under the TSRA. He contends there was no evidentiary basis for concluding he was "armed with" a firearm during the current offense and was disqualified from resentencing under the TSRA. The People argue the court did not err when it found Contreras's current offense constituted a disqualifying offense under the TSRA under the rationale of *People v. White* (2014) 223 Cal.App.4th 512 (*White*) because he was convicted of possessing a firearm and the record of conviction showed he was "armed with" a firearm when he committed that offense.

II

ANALYSIS

A. The TSRA Framework

"On November 6, 2012, the voters approved Proposition 36, the [TSRA], which amended sections 667 and 1170.12 and added section 1170.126 . . . . The [TSRA] changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The [TSRA] amended the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases,

4

the recidivist will be sentenced as a second strike offender." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

In addition to reforming three strikes sentencing for defendants convicted after the effective date of the TSRA, the TSRA also added section 1170.126 to provide an avenue for retroactive reform of existing three strikes sentences imposed before the effective date of the TSRA. Section 1170.126 "provides a means whereby, under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction." (*White, supra*, 223 Cal.App.4th at p. 517.)

The retroactive aspect of the TSRA permits an inmate to petition the superior court for recall of his or her sentence and for resentencing as a second strike offender. (§ 1170.126, subd. (b).) The inmate's petition must show he or she is prima facie eligible for recall of sentence and resentencing by showing: (1) the inmate is currently serving an indeterminate life sentence imposed under the pre-TSRA three strikes law for a commitment offense or offenses that are not serious and/or violent felonies within the meaning of section 667, subdivision (c), or section 1192.7, subdivision (c); (2) the prisoner's current sentence was not imposed for any offense set forth in section 667, subdivision (e)(2)(C)(i) through (iii), or section 1170.12, subdivision (c)(2)(C)(i) through (iii); and (3) the prisoner has no prior convictions for any offense set forth in section 667,

subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv).  (§ 1170.126, subd. (e).)  However, even if the inmate presents a prima facie case demonstrating he or she is otherwise eligible for resentencing, the court may, in its discretion, deny the petition if it concludes resentencing "would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)

B. Analysis

An inmate is statutorily ineligible for resentencing under section 1170.126 if the inmate was "armed with a firearm," within the meaning of the exclusion set forth in section 667, subdivision (e)(2)(C)(iii), or section 1170.12, subdivision (c)(2)(C)(iii), when he or she committed the current offense.  In numerous cases, beginning with this court's decision in *White, supra*, 223 Cal.App.4th 512, the courts have concluded that when, as here, the inmate's current three-strike sentence was based on his or her conviction for being a felon in possession of a firearm under former section 12021, subdivision (a), the inmate is ineligible for resentencing if the record of conviction *also* shows the inmate "not only had a firearm 'in [his] possession or under [his] custody or control' [but that] he also was personally armed with the firearm on that date because he was carrying—and, thus, had ' "ready access" ' [citation] to—that firearm."  (*White,* at p. 525; accord, *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-286; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1317; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-801, 805-806.)  The test for whether a person is "armed with" a firearm does not require that he or she physically carry the weapon on his or her person (*People v.*

6

*Superior Court* (*Martinez*) 225 Cal.App.4th 979, 990); instead, " '[i]t is the availability—the ready access—of the weapon that constitutes arming.' " (*People v. Bland* (1995) 10 Cal.4th 991, 997, quoting *People v. Mendival* (1992) 2 Cal.App.4th 562, 574.)

The record of conviction here, which includes this court's opinion affirming Contreras's 1997 convictions (see, e.g., *People v. Hicks, supra,* 231 Cal.App.4th at pp. 285-286 [court may use prior opinion to show facts of underlying conviction establish ineligibility under TSRA]; accord, *People v. Guilford* (2014) 228 Cal.App.4th 651, 659-662 [same]), provides substantial evidentiary support for the trial court's ruling that Contreras had ready access to the weapon, and was ineligible for resentencing because he was "armed with" a firearm when he committed the current offense. The record of conviction shows Contreras's conviction for being a felon in possession of a firearm arose when he was involved in a traffic stop as he drove his automobile. There was a passenger in the front passenger seat, and a passenger in the cramped left rear seat area. The officer discovered the weapon on the floorboard of the right rear seat area after the passengers had fled. (*People v. Contreras* (Feb 4, 1999, D029718) [nonpub. opn.], at pp. 2-3.) The right rear seat area had a large speaker box sitting on the seat, which extended approximately three inches over the edge of the seat, but the box did not extend to the back of the right front seat and did not interfere with ability of the driver's seat to roll backward or to lean back.

The record of conviction shows Contreras's conviction for being a felon in possession of a firearm involved an offense in which he was "armed with" the firearm in

7

connection with that offense because "he was carrying—and, thus, had ' "ready access" ' [citation] to—that firearm."  (*White, supra*, 223 Cal.App.4th at p. 525.)  Contreras's ready access to the weapon, requiring him only to reach down into the floorboard well from his driver's seat, was even more immediate than in other cases that concluded the defendant was "armed with" a firearm for purposes of the TSRA.  In *People v. Superior Court (Martinez), supra*, 225 Cal.App.4th 979, the court concluded the petitioner was ineligible because he was "armed with" a firearm in connection with the current offenses even though the weapons were found in a room different from the one in which he was arrested.  (*Id*. at pp. 985, 989-995.)  The court in *People v. Elder, supra,* 227 Cal.App.4th 1308 reached a similar conclusion on analogous facts.  (*Id*. at p. 1317 [petitioner convicted of felon in possession of firearm; when he was arrested he was outside his apartment, and weapons were inside; court concluded commitment offense involved being armed during the commission of unlawful gun possession as a felon rendering him ineligible for resentencing].)

Contreras's argument on appeal is that, because the weapon's location in the car would have made it awkward for him to reach to grab it, the weapon was not readily available to him.  However, we conclude there is substantial evidence to support the trial court's conclusion that Contreras *did* have ready access to the weapon (*People v. Hicks, supra,* 231 Cal.App.4th at p. 286 [applying substantial evidence test to evaluating trial court's finding petitioner was ineligible under TSRA because he was armed with a

firearm]), and therefore substantial evidence supports the trial court's ruling Contreras was statutorily ineligible for resentencing under the TSRA.

## DISPOSITION

The order is affirmed.


McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

HUFFMAN, J.

9